FILED
CLERK, U.S. DISTRICT COURT
3/21/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_VAM\_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>TING HONG YEUNG,<br><br>　　　　Defendant. | CR No. 2:22-cr-00101-SVW<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The United States Attorney charges:

[18 U.S.C. § 1343]

A. INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1. Defendant TING HONG YEUNG was a resident of Los Angeles County, California.

2. Amazon.com, Inc. ("Amazon"), was a technology company headquartered in Seattle, Washington. Amazon provided, among other services, an online platform that facilitated retail sales of goods to Amazon customers, either by Amazon itself or by third-party sellers.

3. In order to use Amazon's online platform, a third-party seller was required to set up an online Amazon seller account. In

creating an Amazon seller account, the third-party seller was required to provide a bank account number and bank routing number for an associated bank account (the "Associated Account"); credit card account information; government-issued identification; tax information; and a phone number.  Approved third-party sellers could access an online portal called Seller Central, through which the third-party sellers could manage inventory, communicate with customers, contact Amazon, and update payment information.

4.  When a customer purchased an item listed on Amazon by a third-party seller, Amazon credited the third party's Amazon seller account for the amount of that purchase.  Third-party sellers were responsible for providing Amazon with the tracking number for each shipment corresponding to an individual sale.  Roughly every fourteen days, Amazon disbursed funds from sales with a corresponding tracking number from the third party's Amazon seller account to the Associated Account.

5.  When a customer sought to return an item purchased from a third-party seller, the third-party seller was generally responsible for providing return options.  If the third-party seller did not provide a refund (or could not, due to a lack of funds in the seller's Amazon account), customers could seek a refund directly from Amazon under Amazon's "A-to-z Guarantee."  When the Amazon seller's account held sufficient available funds, Amazon deducted the cost of the refund from that account prior to the next disbursement of funds to the Associated Account.

6.  Defendant YEUNG registered or otherwise controlled Amazon seller accounts in the names of "Special SaleS," "California Red Trading, Inc.," "Speedy Checkout, Inc.," "Expeditious Enterprise,

2

Inc.," "LV Consultants, Inc.," and "Frolax, Inc." (collectively, the "YEUNG Seller Accounts"). The Associated Accounts for the YEUNG Seller Accounts were all in defendant YEUNG's name or under his control.

7. Amazon customers and third-party sellers could communicate through Amazon's Buyer-Seller Messaging Service, which provided wire communications between buyers and sellers using encrypted email addresses routed through Amazon.

B. SCHEME TO DEFRAUD

8. Beginning no later than 2013, and continuing through at least April 30, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant YEUNG, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud Amazon as to material matters, and to obtain money and property from Amazon by means of material false and fraudulent pretenses, representations, and promises.

9. The scheme to defraud operated, in substance, as follows:

a. After one of the YEUNG Seller Accounts had been active for some period of time, thereby gaining the appearance of being a reputable vendor, defendant YEUNG caused it to list expensive items, frequently furniture and home décor, at prices significantly lower than the prices listed for comparable items by other sellers. As defendant YEUNG knew and intended, these discounted prices attracted Amazon customers, driving a rapid increase in sales.

b. After an Amazon customer placed an order for one of the offered items, defendant YEUNG would not ship the item ordered and paid for to the customer. Instead, defendant YEUNG falsely confirmed that the item had been shipped to the customer by providing

3

false shipment tracking information to the customer and to Amazon that did not correspond to an actual shipment of the purchased item.

c. When Amazon customers used Amazon's Buyer-Seller Messaging Service to inquire about their missing orders, defendant YEUNG sent lulling responses to the messages to convince customers to continue waiting for their products instead of complaining to Amazon or seeking refunds. By forestalling complaints or demands for refunds, defendant YEUNG ensured that Amazon would disburse customer funds into the Associated Accounts controlled by defendant YEUNG.

d. In some instances, instead of shipping customers the products they ordered, defendant YEUNG would cause cheap crystal ornaments to be shipped to the customers, which both generated tracking numbers that induced Amazon to disburse funds to the Associated Accounts and lulled customers into refraining from filing complaints or demanding refunds.

e. In another part of the scheme, defendant YEUNG used credit cards in the names of other persons and fictitious names to purchase products from Amazon that he would use to fulfill orders placed through one of his seller accounts. After the product was delivered to defendant YEUNG's customer, defendant YEUNG caused a refund request to be submitted to Amazon, often selecting as the reason that the product was "Different from what was ordered," which was false. Instead of returning the originally ordered product (which had been sent to defendant YEUNG's customer), defendant YEUNG caused a substitute product of lower value, such as damaged goods, to be "returned." As a result, defendant YEUNG received both the benefit of the refund as well as the sale proceeds from the original transaction with his customer.

10. As a result of the scheme to defraud, defendant YEUNG caused losses to Amazon of approximately $1,302,954.

C. USE OF INTERSTATE WIRES

11. On or about February 18, 2020, within the Central District of California, and elsewhere, for the purpose of executing the scheme to defraud described above, defendant YEUNG transmitted and caused the transmission of a wire communication by means of interstate commerce, namely, an Amazon Buyer-Seller Messaging Service communication to a customer stating, "HI  How we are scam? . . . . May I know do you want full refund ?."

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)]

12. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of defendant TING HONG YEUNG's conviction of the offense set forth in the sole count of this Information.

13. Defendant YEUNG, if so convicted, shall forfeit to the United States of America the following:

    a. All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

    b. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

14. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant YEUNG, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of defendant YEUNG, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

6

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

TRACY L. WILKISON
United States Attorney

*[signature]*

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

ALEXANDER B. SCHWAB
Assistant United States Attorney
Deputy Chief, Major Frauds Section